STEPHEN L. BARTLETT, Respondent, *v.* EDWARD SUTORIOUS, Appellant.

*Supreme Court, First Department, General Term, January 10, 1890.*

*Arrest. Fiduciary capacity.*—An order of arrest, granted on the ground that the defendant has converted moneys received in a fiduciary capacity, where the complaint fails to set up facts showing such capacity, will be vacated, even though the motion is not made till after trial and verdict against the defendant.

Appeal from order denying motion to vacate an order of arrest.

The order of arrest was granted November 8, 1888, the ground stated therein being conversion by defendant of money "received by him as agent of said plaintiff in a fiduciary capacity." The complaint alleged that plaintiff shipped certain goods to defendant, then his agent at New York, to sell for cash or on thirty days' credit; that defendant received and sold said goods, except a portion which was returned, and collected the proceeds of said sales; that he has neglected and refused to render an account or pay over such proceeds, and has wrongfully converted the same to his own use.

A motion was made, upon order to show cause returnable November 15, to vacate said order of arrest on the ground that the complaint did not sufficiently allege the receipt of said moneys in a fiduciary capacity. The action having been tried November 16 and 17, and a verdict rendered against defendant, the motion was denied on the ground that it necessarily fell by reason of such trial and verdict.

Note on "Arrest for Act in Fiduciary Capacity."

*A. G. Fox*, for appellant.

*D. D. Sherman*, for respondent.

PER CURIAM.—The order appealed from should be reversed and the order of arrest vacated, without costs.

VAN BRUNT, P. J. and BARTLETT, J., concur.

---

NOTE ON "ARREST FOR ACT IN FIDUCIARY CAPACITY."

The complaint must allege the receipt of money in a fiduciary capacity, in order to an arrest on that ground. Hillis *v.* Bleckert, 53 Hun, 499 ; Bartlett *v.* Sutorious, Id. 637.

To sustain an order of arrest for money received in a fiduciary capacity, the complaint must allege such facts. Harland *v.* Howard, 57 Hun, 587.

An order of arrest in an action for conversion, where the complaint failed to allege or show that defendant acted in a fiduciary capacity, is properly vacated. Bartlett *v.* Sutorious, 55 Hun, 608.

An agent of an insurance company acts in a fiduciary capacity under chap. 688 of 1873 and is liable to arrest in an action by the company to recover premiums paid to him. Albany Ins. Co. *v.* McAllister, 57 Hun, 594.

See note in 2 Sil. Sup. Ct. 25.